Filed 12/8/15  P. v. Smith CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LOUIS D. SMITH,<br><br>    Defendant and Appellant. | B262147<br><br>(Los Angeles County<br>Super. Ct. No. MA049606) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Christopher G. Estes, Judge.  Reversed and remanded.

Daniel Milchiker, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Mary Sanchez and Robert M. Snider, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \* \* \*

This is an appeal from an order denying a petition for recall of sentence under Penal Code section 1170.18, subdivision (a), commonly known as Proposition 47.  (All further statutory references are to the Penal Code.)  On July 16, 2010, defendant and appellant Louis D. Smith was convicted of acquiring and retaining access card information in violation of section 484e, subdivision (d).  He admitted a strike prior and was sentenced to three years, doubled to six years pursuant to the "Three Strikes" law.  On January 7, 2015, defendant filed a petition to recall and reduce the sentence to a misdemeanor under Proposition 47 and section 490.2.  The trial court heard and denied the petition on January 20, 2015.  This timely appeal followed.

The trial court found that Proposition 47 does not apply to a conviction of section 484e, subdivision (d).  Defendant contends he is eligible to seek reduction of his sentence to a misdemeanor because he was convicted of grand theft of property that did not exceed $950 in value.  Respondent contends the trial court correctly found Proposition 47 does not apply to a section 484e, subdivision (d) conviction.

There has been a recent split of authority among the Courts of Appeal on this issue.  Some courts have held that Proposition 47 does not apply, and does not permit the recall and reduction of sentence for a conviction of section 484e, subdivision (d).  (See, e.g., *People v. Cuen* (Oct. 8, 2015, G051368) 241 Cal.App.4th 1227; *People v. Grayson* (2015) 241 Cal.App.4th 454.)  This division recently departed from our colleagues, finding that a violation of section 484e, subdivision (d) involving property that does not exceed $950 in value may be reduced to a misdemeanor under Proposition 47.  (*People v. Romanowski* (Nov. 13, 2015, B263164) __ Cal.App.4th __ [2015 Cal.App. Lexis 1018], opn. mod. 2015 Cal.App. Lexis 1081.)  We remain of the view that *People v. Romanowski* states the better view.  Accordingly, we reverse the order denying the petition and remand with instructions to hold a hearing to determine whether defendant satisfies the criteria for recall and reduction of sentence.

## DISPOSITION

The judgment is reversed and the matter remanded for the trial court to determine whether the value of the property involved in appellant's conviction pursuant to

section 484e, subdivision (d) did not exceed $950. If appellant qualifies for resentencing, the trial court shall recall his sentence and resentence him pursuant to section 1170.18.

GRIMES, J.

WE CONCUR:

RUBIN, Acting P. J.

FLIER, J.